# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

HELEN KAYE TIDWELL,

    Petitioner,

v.                                      CASE NO: 8:07-cv-01390-T-30MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #22) and Petitioner's reply (Dkt. #25). Upon review, the Court determines that the petition must be denied because it does not put forth a basis for federal habeas relief, the grounds are procedurally barred, or the state courts properly applied federal law.

## BACKGROUND

On March 6, 1999, Helen Kaye Tidwell ("Petitioner" or "Tidwell") was convicted of second degree murder, arson, solicitation to commit arson, and arson to defraud an insurer. On May 28, 1999, Petitioner was sentenced to thirty years imprisonment for second degree murder, fifteen years imprisonment for arson, five years imprisonment for solicitation to

commit arson, and five years imprisonment for arson to defraud an insurer. All sentences were to run concurrently.

Petitioner appealed her conviction and sentence in the Florida Second District Court of Appeals. Petitioner's only argument on direct appeal dealt with trail atmosphere and procedural norms. The appellate court affirmed Petitioner's conviction and sentence on May 17, 2000. Tidwell v. State, 763 So. 2d 330 (Fla. 2d DCA 2000). Petitioner did not seek a rehearing and was denied further review with the Florida Supreme Court. Tidwell v. State, 767 So. 2d 464 (Fla. 2000). Petitioner did not seek certiorari review with the United States Supreme Court.

Petitioner sought state post-conviction relief under Florida Rule of Criminal Procedure 3.800(a) ("Rule 3.800") on November 24, 2000. The state post-conviction court denied the motion without a hearing. Petitioner appealed the ruling, but the Florida Second District Court of Appeals affirmed the denial of the motion on July 20, 2001. Tidwell v. State, 790 So. 2d 1184 (Fla. 2d DCA 2001).

On March 28, 2001, Petitioner filed another motion for post-conviction relief under Fla. R. Crim. P. 3.850 ("Rule 3.850"). In this *pro se* motion, Petitioner brought fifty five grounds for relief in her original filing and eleven additional grounds in an amendment. The state post-conviction court summarily denied a number of the claims by nonfinal orders on April 19, 2001 and on August 14, 2002. On December 8, 2005, the state post-conviction court held an evidentiary hearing on the remaining Rule 3.850 claims. The state post-conviction court denied the remaining claims in a final order dated January 18, 2006.

Petitioner appealed the denial of her Rule 3.850 claim, but the Florida Second District Court of Appeals affirmed the post-conviction court's denial with mandate issuing May 4, 2007. Petitioner sought further review, but the Florida Supreme Court dismissed the case for want of jurisdiction.

While her Rule 3.850 motion proceeded through the courts, Petitioner filed an another Rule 3.800 claim. The state post-conviction court denied this Rule 3.800 motion by order dated February 21, 2006. The Florida Second District Court of Appeal affirmed this ruling, the mandate issued July 20, 2006. Tidwell v. State, 933 So. 2d 532 (Fla. 2d DCA 2006).

On August 3, 2007, Petitioner brought this federal habeas corpus claim for post-conviction relief under 28 U.S.C. §2254. Petitioner puts forth twenty one grounds for which relief should be granted:

Ground One: Improper construction of state statutes by the Florida courts deprived Petitioner of her constitutional rights.

Ground Two: Petitioner cannot be convicted of second degree murder because the death of the co-conspirator was accidental and self inflicted.

Ground Three: The state failed to meet all of the elements necessary to convict Petitioner of second degree murder.

Ground Four: The state failed to meet all of the elements necessary to convict Petitioner of arson.

Ground Five: Petitioner's sentence is in excess of the state's sentencing guidelines.

Ground Six: Petitioner's Constitutional rights to due process and confrontation were violated when the trial court secretly sealed discovery materials.

Ground Seven: The state lost or destroyed large portions of the record to prevent Petitioner from prevailing on direct appeal.

Ground Eight: Trial counsel's failure to object to improper jury instructions amounted to ineffective assistance of counsel violating Petitioner's Constitutional rights.

Ground Nine: The state failed to conduct a proper investigation of the crime scene and destroyed evidence from the crime scene.

Ground Ten: Trial counsel's failure to seek jury instructions on independent acts and trial counsel's conceding of guilt during closing arguments amounted to ineffective assistance of counsel.

Ground Eleven: The jury was denied full review of the facts when the trial court denied the jury's request to review a tape of a witness's statement.

Ground Twelve: There was jury misconduct as shown by a juror coming forward with a letter claiming she was intimidated into making a decision against Petitioner.

Ground Thirteen: By using a theatrical display of sympathy and revenge, the prosecutor's conduct amounted to prosecutorial misconduct.

Ground Fourteen: In a violation of Brady,[1] the prosecutor failed to disclose to Petitioner that a witness was mentally unstable at the time of her testimony.

Ground Fifteen: The prosecutor's actions of giving witnesses nonpublic information and coaching witnesses resulted in prosecutorial misconduct.

Ground Sixteen: The judicial bias of the trial court and the post-conviction court violated Petitioner's Constitutional right of due process.

Ground Seventeen: Petitioner's confrontation rights were violated when the state entered hearsay evidence from a non-testifying co-conspirator.

Ground Eighteen: Trial counsel's failure to move to suppress the co-conspirator's statement amounted to ineffective assistance of counsel.

Ground Nineteen: Trial counsel's failure to have Petitioner's mental competency evaluated amounted to ineffective assistance of counsel.

Ground Twenty: Trial counsel's failure to investigate Petitioner's case beyond the state attorney's file amounted to ineffective assistance of counsel.

Ground Twenty One: The state violated Brady when it failed to turn over (A) evidence of a witness's prior criminal history and (B) the location of the witness.

In response to these grounds, the state argues that either this Court lacks subject matter jurisdiction, procedural bar, and/or proper application of federal law by the state courts.

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

# DISCUSSION

## I. Basis for Federal Habeas Relief

Under 28 U.S.C. §2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Specifically, "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983). In the end, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Petitioner argues in several grounds that this Court should overturn a state court's interpretation of state law. For example, in Ground One Petitioner argues that the state court allowed an improper use and construction of state statutes. As clearly stated in Carrizales and Estelle, it is not within the purview of this Court to reexamine such an interpretation of state law by a state court. This Court has no basis to grant federal habeas relief on Grounds One, Two, Five, and Seventeen because Petitioner asks this Court to overrule a state court's interpretation of state law in all of these grounds. Thus, Grounds One, Two, Five, and Seventeen will be denied.

## II. Procedural Default

A petitioner seeking habeas corpus relief must have brought the grounds for which she seeks relief on direct appeal or in state post-conviction relief proceedings. A petitioner

"who fails to raise his federal constitution claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994). Thus, if a petitioner fails to bring a claim at the state level, he is procedurally barred from bringing such claim at the federal level. If a petitioner fails to bring a claim during state proceedings, "the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (quoting Murray v. Carrier, 477 U.S. 478, 485, 496 (1986)).

Here, Petitioner has brought several claims that she did not put forth during state court proceedings. On direct appeal, Petitioner argued that her trial atmosphere was unacceptable and unfairly influenced the jury. Petitioner then brought fifty five grounds for relief on one state post-conviction claim. Despite several proceedings and numerous grounds for relief put forth, Petitioner has brought new grounds for relief in her federal petition for habeas relief. Additionally, Petitioner does not argue cause and prejudice or actual innocence as reasons for her failure to bring these claims during state court proceedings. Therefore, Petitioner fails to meet the exception to the procedural bar for claims not previously put forth during state proceedings. As such, Grounds Three, Six, Seven, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, and Eighteen will be denied as procedurally barred.

### III. Proper Application of the <u>Strickland</u>[2] Standard

Federal habeas corpus shall not be granted unless the adjudication of the claim in state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). In other words, to gain federal habeas corpus relief a petitioner must show that the state court misapplied federal law or made an unreasonable finding of fact. A state court decision is contrary federal law "if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." <u>Brown v. Payton</u>, 544 U.S. 133, 141 (2005). The rule does not require that a state court cite the rule of federal law or even have knowledge of the federal law "so long as neither the reasoning nor the result of the state-court decision contradicts [federal law]." <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002).

Under the <u>Strickland</u> standard, a petitioner "must show that counsel's performance was deficient" and that the deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). The <u>Strickland</u> court further defines non-deficient

---

[2]<u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

performance as reasonable performance "under prevailing professional norms." Id. at 688. Under Strickland, prejudice means that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Counsel is presumed competent, therefore, a petitioner carries the burden to prove that "counsel's performance was unreasonable." Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000). In addition, defense counsel is allowed reasonable strategic trial decisions. Devier v. Zant, 3 F.3d 1445, 1450 (11th Cir. 1995).

Ground Eight: Trial counsel's failure to object to improper jury instructions amounted to ineffective assistance of counsel violating Petitioner's Constitutional rights.

In support of Ground Eight, Petitioner argues that the jury instructions on principle theory were misleading and that counsel should have objected to such instructions. The state argues that state post-conviction court properly applied the first prong of Strickland in its Rule 3.850 order. In the alternative, the state argues that Petitioner fails to carry her burden under either of the prongs of the Strickland standard.

A petitioner can gain relief under 28 U.S.C.§2254 by showing that a state court decision is inconsistent with federal law. To be consistent with federal law, a state court does not need to cite to or even be aware of the federal standard, so long as the reasoning nor the result contradicts the federal standard. Early, 537 U.S. at 8.

The state post-conviction court does not need to mention Strickland specifically for its ruling to be consistent with the federal standard. Even though the state court did not

mention the Strickland standard specifically in its order on Petitioner's amended Rule 3.850 motion in regard to this ground, the state post-conviction court found that the legal reasoning behind Petitioner's argument of improper jury instructions was faulty. Since the state court found Petitioner's legal reasoning to be faulty, it follows that defense counsel's performance cannot be deficient for not putting forth such faulty reasoning. In the end, Petitioner's counsel is not ineffective for not making a fruitless objection. When the state court held that Petitioner's reasoning was faulty, it essentially held that defense counsel's performance was reasonable in not arguing such faulty reasoning. Though the state post-conviction court did not mention the Strickland standard by name, its ruling on this ground was not inconsistent with Strickland.

For the above reasons, Ground Eight will be denied.

Ground Nineteen: Trial counsel's failure to have Petitioner's mental competency evaluated amounted to ineffective assistance of counsel.

In support of Ground Nineteen, Petitioner asserts that her trial counsel was ineffective because he failed to recognize her lack of mental capacity prior to trial. Petitioner asserts that she has a family history of mental health problems and that her attorney was told of her poor mental state. The state argues that the state post-conviction court properly applied the Strickland standard and, therefore, no habeas relief should be granted.

After an evidentiary hearing, the state post-conviction court made a finding of fact that defense counsel observed no signs of mental illness through his interaction with Petitioner. Though defense counsel recalled a conversation about Petitioner's history of mental illness,

counsel discounted the conversation because of his interaction with Petitioner. Additionally, Petitioner admitted at the evidentiary hearing that she never informed counsel of her mental health history, of her taking Xanax at the time of her offenses, or of her mental health issues while incarcerated. These findings of fact led the court to determine that defense counsel's performance was reasonable.

In its order denying Petitioner's Rule 3.850 motion for post-conviction relief, the state court held:

> Based upon all of the testimony, exhibits, and arguments of the parties, the Court finds there were no grounds for [defense counsel] to reasonably believe that Defendant was suffering from mental health issues to the extent he should have moved, under Rule 3.210, Fla. R. Crim. P., to have Defendant evaluated for mental competency. Accordingly, [defense counsel's] actions do not give rise to a finding that his representation of Defendant as it relates to claim 28 was below the reasonable competency envisioned in the 6th Amendment of the United States Constitution. As a result, Defendant's claim 28 fails the first prong of the *Strickland* analysis. Because Defendant's claim fails the first prong of *Strickland*, there is no legal reason to evaluate the claim under *Strickland's* second prong.

Dkt. #24, Exh. 10 Vol. iv at 711. The state post-conviction court properly applied the Strickland standard to Petitioner's claim. The state post-conviction court specifically stated that defense counsel's performance was reasonable because defense counsel had no reasonable grounds to believe Petitioner was suffering from mental illness.

Since the state court properly applied the Strickland standard to defense counsel's performance, Ground Nineteen will be denied.

Ground Twenty: Trial counsel's failure to investigate Petitioner's case beyond the state attorney's file amounted to ineffective assistance of counsel.

In support of Ground Twenty, Petitioner asserts that defense counsel's investigation of Petitioner's case fell short of what a reasonable, competent attorney would have done. The state argues Petitioner does not overcome the presumptive correctiveness of the state court's findings.

In its order denying Petitioner's Rule 3.850 motion for post-conviction relief, the state court properly applies the Strickland standard. After an evidentiary hearing, the state court addressed three specific areas where Petitioner alleged a lack of investigation. For the first area, the court held, "there was no deficient performance on the part of [defense counsel]." Dkt. #24, Exh. 10 Vol. iv at 712. For the second area, the court held, "defense counsel cannot be ineffective for failing to discover that which does not exist." Id. at 713. Also, the state court held that the investigation of the second area "would have been of no use whatsoever to the defense, but would have been contrary to the breadth of evidence produced and introduced by the State." Id. Finally, for the third area, the state court held, "defense counsel cannot be ineffective for failing to discover that which does not exist" and "would have been directly refuted by the overwhelming evidence produced and introduced by the State." Id. at 713 and 714. In all three analyses, the state court applied the deficiency and/or prejudice prongs of the Strickland standard.

As the above quotations show, the state court properly applied the deficient performance and/or the prejudice prongs of Strickland standard to this ground. Therefore, Ground Twenty will be denied.

## IV. Findings of Fact by the State Court

This Court must presume that a state court's finding of fact are correct under 28 U.S.C. §2254(e)(1) which states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Along with this presumption of correctness of factual findings, a petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence". Id.

Ground Four: The state failed to meet all of the elements necessary to convict Petitioner of arson.

In support of Ground Four, Petitioner claims that the state did not prove how the fire started. Petitioner argues that the fire could have started from a spark after the perpetrators spread gasoline throughout the premises instead of the gasoline being lit by a cigarette lighter. Further, Petitioner argues that the state did not carry its burden to prove arson because it did not prove willfulness in the setting of the fire.

Under 28 U.S.C. §2254(d), Petitioner must prove that there was an unreasonable application of a federal standard or an unreasonable determination of the facts in the state court proceedings to gain federal habeas relief. Additionally, 28 U.S.C. §2254(e)(1) states that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and

convincing evidence." See Rolling v. Crosby, 438 F.3d 1296, 1301 (11th Cir. 2006).

Here, Petitioner essentially disputes the finding of fact that the fire was purposefully set by the perpetrators. Instead, Petitioner offers an alternate theory that gasoline fumes were accidently set ablaze when a spark was caused from moving a juke box. This Court must accept the finding of fact made by the jury that the perpetrators set the fire on purpose with cigarette lighters. Petitioner only offers an alternate theory to what ignited the fire. Her theory does not rebut the presumption of correctness by clear and convincing evidence. Her theory is even less plausible when considering the testimony that the perpetrators planned on setting the fire with gasoline as the accelerant. Dkt. #24, Exh. 1 Vol. v at 686 and Vol. vii at 1060-1061. Ultimately, Petitioner fails to meet her burden of showing an unreasonable finding of fact by clear and convincing evidence. While her theory may be plausible, she does not overcome the clear and convincing hurdle.

Therefore, Ground Four will be denied because Petitioner failed to rebut the state court's finding of fact with clear and convincing evidence.

Ground Twenty One (A): The state violated Brady when it failed to turn over evidence of witness's prior criminal history.

In support of Ground Twenty One, Petitioner asserts that the state withheld twenty eight pages of criminal offenses in part because the state dropped the pending charges against the witness.

After an evidentiary hearing, the state post-conviction court made the finding of fact in its Rule 3.850 order that the state turned over all information known to it, including the

criminal history report. Dkt. #24, Exh. 10 Vol. iv at 714. This Court must accept this finding of fact under 28 U.S.C. §2254(e)(1) unless Petitioner carries her burden of rebutting this presumption. Petitioner does not carry her burden in rebutting this finding of fact by the state court. As such, this Court accepts the finding of fact that the state turned over all necessary material in regard to the witness's criminal history report.

For the above reasons, Ground Twenty One (A) will be denied.

## V. Brady Violation

To make a <u>Brady</u> claim, Petitioner "must prove (1) that the state possessed evidence favorable to the defendant; (2) that he did not possess the evidence nor could he have obtained it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and, (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different." <u>United States v. Bailey</u>, 123 F.3d 1381, 1397 (11th Cir. 1997). Under the <u>Brady</u> rules the Government is not required "to furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself." <u>United States v. Prior</u>, 546 F.2d 1254, 1259 (5th Cir. 1977).

<u>Ground Twenty One (B)</u>: The state violated <u>Brady</u> when it failed to turn over the location of the witness.

In support of Ground Twenty One (B), Petitioner argues that the state sought to hide the location of the witness from Petitioner. Petitioner also argues that she was could not discover evidence and witnesses of an impeaching nature because she was unable to

interview the witness prior to trial.

Petitioner does not meet her burden to prove a Brady violation. First, Petitioner must show that the state withheld evidence favorable to the defense. Here, Petitioner claims that the state withheld the location of a witness that testified against her. Simply put, this was not *favorable* evidence that the state was withholding. Second, Petitioner must show that she did not possess the information nor could have obtained it with due diligence. Assuming that she did not know the witness's location, Petitioner does not show that she could not have obtained witness's location with due diligence. Third, Petitioner must show that the state suppressed the evidence. Petitioner does not show that the state suppressed the evidence because the witness was well known to Petitioner. Finally, Petitioner must show that had the evidence been disclosed, there is a reasonable probability that the outcome would have been different. Petitioner does not show how making contact with the witness prior to trial would have made a difference in the outcome at trial. Instead, she speaks in generalities by saying that interviewing the witness prior to trial would have yielded "evidence and witnesses of an impeaching nature." In the end, Petitioner does not carry her burden in proving a Brady violation in regards to the location of the witness.

Therefore, Ground Twenty One (B) will be denied because Petitioner does not put forth a valid claim for a Brady violation.

## **CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on April 1, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2007\07-cv-1390.deny 2254.wpd